# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

Case No. 6D2024-1211
Lower Tribunal No. 2020-CF-7329

———————————————

CARLOS M. LLANOS-GARCIA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

Appeal from the Circuit Court for Polk County.
Sharon M. Franklin, Judge.

July 24, 2026

STARGEL, J.

Appellant, Carlos Llanos-Garcia, timely appeals his judgment and sentence for armed burglary of a dwelling (Count 2), aggravated battery (Count 3), and aggravated battery with a deadly weapon (Count 4). He challenges only the sentence imposed in Count 4, claiming that the enhanced 25-year minimum mandatory sentence under the 10-20-Life statute (section 775.087, Florida Statutes) is illegal. Appellant's articulation of the law is correct; however, because the sentences in Counts 3 and 4 were obviously transposed due to a verbal mistake that occurred

during sentencing, we affirm the judgment and reverse and remand for the trial court to correct the sentences.

Appellant was charged, in relevant part, with attempted second-degree murder ("Count 3") and aggravated battery with a deadly weapon ("Count 4"). As for Count 3, the information specified that Appellant carried a firearm, discharged the firearm during the crime, and that the firearm caused great bodily harm to the victim. Count 3 also noted that the State was seeking the 10-20-Life enhancement, raising the minimum mandatory sentence, if convicted, to 25 years pursuant to section 775.087, Florida Statutes (2020). The State did not seek any enhancement on Count 4.

As to Count 3, the jury found Appellant guilty of the lesser-included offense of aggravated battery. The verdict form for Count 3 shows that the jury made special findings that (1) Appellant did possess a firearm; (2) he personally discharged the firearm; and (3) discharging the firearm caused great bodily harm to the victim. As to Count 4, the jury returned a guilty verdict, finding simply that Appellant was guilty of aggravated battery. Likewise, the State's amended sentencing memorandum, as well as its argument during the sentencing hearing, illustrates that the jury found Appellant guilty of aggravated battery, a lesser-included offense of Count 3, and made special findings as to that count. Thus, the State argued that Appellant must be sentenced in Count 3 to a minimum mandatory of 25 years, and that the trial court had discretion to sentence him to life pursuant to section

2

775.087(2)(a)3. Defense counsel agreed that there is a minimum mandatory penalty of 25 years as to Count 3, but disagreed that the sentence in Count 4 must be run consecutively to the sentence in Count 3.

Thereafter, the trial court pronounced sentences as to Counts 3 and 4 as follows:

> As to Count 3, which is no minimum on that because there was not that additional finding, I'm going to come back to that. As to Count 4, the aggravated battery with a deadly weapon, having found you guilty of using a firearm in the commission of that charge, sir, that charge is 25 years up to life; 25 years, being the minimum-mandatory, to which I am going to sentence you to the 25 years.

The trial court revisited Count 3 later during the hearing and imposed a sentence of nine years in the Florida State Prison, which would run consecutively to the 25-year sentence. Neither party objected. A written judgment and sentence were entered to conform with the erroneous oral pronouncement, reflecting that the 25-year mandatory minimum sentence was imposed in Count 4, rather than Count 3.

On appeal, Appellant challenges only the sentence imposed in Count 4, claiming that none of the facts necessary to the operation of section 775.087 were charged in Count 4 of the information, nor found by the jury. Accordingly, Appellant argues that the 25-year mandatory minimum sentence imposed under section 775.087 on Count 4 is illegal and should be reversed. Appellant requests

this Court to instruct the trial court on remand to impose a sentence of no more than 15 years in Florida State Prison as to Count 4.[1]

While a reviewing court should not speculate about a trial judge's intent or alter a criminal sentence where the language of it is clear, *Fallagan v. Wainwright*, 195 So. 2d 562, 563 (Fla. 1967), on this record, it is abundantly clear that the trial court intended to impose the enhanced sentence on Count 3 and not Count 4. It is equally clear that the parties understood and agreed that the 10-20-Life statute applied to Count 3. The parties likewise agreed that Appellant must be sentenced to the 25-year minimum mandatory but could also be sentenced up to life in Count 3.

As it stands now, the trial court's statements during sentencing regarding Counts 3 and 4 are inaccurate and the current sentences are illegal; however, when flipped, the sentences comport with the jury's findings and parties' understanding. While this error was clear at the time of the oral pronouncement of sentence, Appellant failed to contemporaneously object and now attempts to capitalize on the trial court's obvious slip-of-the-tongue mistake. This type of gamesmanship is not permitted. *See, e.g.*, *Hendricks v. State*, 34 So. 3d 819, 831 (Fla. 1st DCA 2010) (finding that the contemporaneous objection rule was designed to prevent

---

[1] During the pendency of this appeal, Appellant filed a motion to correct sentencing error, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), challenging only the sentence in Count 4. The trial court did not rule on the motion within 60 days, so it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2).

gamesmanship including where defense counsel strategically sits back in silence while the trial court errs and then raises the error on appeal); *Caldwell v. State*, 920 So. 2d 727, 730 (Fla. 5th DCA 2006) (the contemporaneous objection rule seeks to eliminate procedural gamesmanship). "Equally important, the [contemporaneous objection] rule provides the trial court with a timely opportunity to correct the error and avoid . . . reversal on appeal." *Caldwell*, 920 So. 2d at 730.

This single error resulted in not one, but two, illegal sentences. Appellant's desired outcome would not correct the illegal sentence that remains in Count 3. Appellant was convicted and sentenced to 108 months in Count 3 for an offense that requires a 25-year mandatory minimum sentence. *See* § 775.087(2)(a)3, Fla. Stat. ("Any person who is convicted of [aggravated battery] and during the course of the commission of the felony such person discharged a 'firearm' . . . and, as the result of the discharge . . . great bodily harm was inflicted upon any person, the convicted person *shall* be sentenced to a minimum term of imprisonment of not less than 25 years . . . ." (emphasis added)). Since the State included the enhancement in the information and the jury made the requisite special findings for Count 3, the failure to impose the 25-year mandatory minimum rendered that sentence illegal. *Id.* On appeal, a defendant does not have a legitimate expectation of finality in a sentence as orally pronounced when that oral sentence does not include the applicable

nondiscretionary mandatory minimum term. *Dunbar v. State*, 89 So. 3d 901, 907 (Fla. 2012).

Accordingly, we reverse and remand only for the trial court to correct Appellant's sentences in Counts 3 and 4.[2] Since the oral pronouncement of sentence was incorrect, Appellant should be present and represented at the hearing on remand. *See Bines v. State*, 837 So. 2d 1146, 1147 (Fla. 1st DCA 2003) (a defendant has a right to be present and represented by counsel at resentencing from a successful motion to correct illegal sentence).

AFFIRMED in part; REVERSED AND REMANDED in part.

WOZNIAK and SMITH, JJ., concur.

Blair Allen, Public Defender, and Dane K. Chase, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Laura Dempsey, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED

---

[2] Correcting the judgment and sentence in Counts 3 and 4 to reflect the trial court's intent will not amount to any net increase in Appellant's sentence. Moreover, we find double jeopardy issues are not implicated here. *See Mann v. State,* 851 So. 2d 901, 903 (Fla. 3d DCA 2003); *Dunbar*, 89 So. 3d at 906-07 ("[T]he trial court did not violate double jeopardy principles in adding [a] nondiscretionary mandatory minimum term" in its written sentencing order after the sentencing hearing was over because, by not including the term in its oral pronouncement, "[t]he trial court initially pronounced a sentence it had no discretion to impose.").